IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00834-CMA-BNB

LINDA VIGIL,

Plaintiff,

v.

PUEBLO SCHOOL DISTRICT NO. 60,

Defendant.

_____

## ORDER
_____

This matter arises on the defendant's **Motion to Compel Disclosures of Non-Privileged Notes** [Doc. # 33, filed 12/8/2011] (the "Motion to Compel"), which is DENIED.

Linda Vigil was employed by District 60 as a teacher's aid for approximately five years. Scheduling Order [Doc. # 12] at p. 2. She was terminated on March 31, 2010, for allegedly placing a student "in an unlawful, face down restraint." Id. at p. 3. Pursuant to the collective bargaining agreement between Ms. Vigil's union and District 60, an evidentiary hearing was held before a neutral arbitrator concerning Ms. Vigil's alleged misconduct. Id. The arbitrator recommended that Ms. Vigil be reinstated with back pay and benefits, but the Board of Education rejected the arbitrator's decision and the termination was upheld on January 31, 2011. Id. Ms. Vigil commenced this action on March 31, 2011, alleging violation of her First Amendment right of free speech, among other claims, all arising in connection with her termination.

By way of its Motion to Compel, District 60 seeks an order requiring Ms. Vigil to produce handwritten notes prepared by Donna Raught during the arbitration hearing. Ms. Raught was the plaintiff's "union contact and thus participated in [p]laintiff's grievance process." Motion to Compel [Doc. # 33] at ¶4. Ms. Vigil has refused to produce the notes, claiming that they are entitled to protection under the work product immunity. District 60 disagrees, arguing:

> Ms. Raught did not represent [p]laintiff during the arbitration proceedings. Rather, [p]laintiff's current attorney, Charley Kaiser, served as [p]laintiff's legal representative at the arbitration. Further, Ms. Raught is not an attorney or an employee of Mr. Kaiser's office. Therefore, Ms. Raught may have served as [p]laintiff's union representative, but did not serve as her legal representative. There is no legal privilege associated with an employee and her union representative, which would protect these notes from disclosure.
>
> Mr. Kaiser claims that he asked Ms. Raught to assist him at the arbitration hearing by taking notes. Thus, for that limited purpose, Mr. Kaiser asserts that Ms. Raught was his agent and thus her notes are subject to attorney work product. However, upon information and belief, Ms. Raught was not compensated in any way for her limited role as Mr. Kaiser's note-taker and there is no authority supporting the assertion of privilege in this regard.

Id. at ¶¶6-7.

The work product immunity derives from Rule 26(b)(3)(A), Fed. R. Civ. P., which provides in relevant part:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and

> (ii) the party shows that it has substantial need of the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

See American Banker's Ins. Co. of Florida v. Colorado Flying Academy, Inc., 97 F.R.D. 515, 516 n. 1 (D. Colo. 1983)(noting that Rule 26(b)(3) codifies the work product doctrine recognized in Hickman v. Taylor, 329 U.S. 495 (1947)).

The work product immunity is governed "by a uniform federal standard embodied in Fed. R. Civ. P. 26(b)(3)." Frontier Refining Inc. v. Gorman-Rupp Co., Inc., 136 F.3d 695, 702 n. 10 (10th Cir. 1998)(internal quotation omitted). The following procedure applies in cases concerning the discovery of alleged work product:

> Rule 26(b)(3) of the Federal Rules of Civil Procedure contemplates a sequential step approach to resolving work product issues. First, the party seeking discovery must show that the subject documents or tangible things are relevant to the subject matter involved in the pending litigation and are not privileged. Once such a showing has been made, the burden shifts to the party seeking protection to show that the requested materials were prepared in anticipation of litigation or for trial by or for the party or the party's attorney, consultant, surety, indemnitor, insurer or agent. Such a showing may be made by affidavit, deposition testimony, answers to interrogatories, and the like. If the Court concludes that the items were prepared in anticipation of litigation, the burden shifts back to the requesting party to show: (a) a substantial need for the materials in the preparation of the party's case; and (b) the inability without undue hardship of obtaining the substantial equivalent of the materials by other means.

Martin v. Monfort, Inc., 150 F.R.D. 172, 172-73 (D. Colo. 1993)(internal citations omitted).

Ms. Vigil concedes that the notes are relevant to the subject matter of this action, and she does not claim that they are protected by the attorney-client or any other privilege. Response [Doc. # 38] at ¶11.

The Affidavit of Donna Raught [Doc. # 38-2] (the "Raught Aff.") establishes that the

notes at issue were prepared in anticipation of the arbitration proceeding (and as a prerequisite to this action) for and at the request of Ms. Vigil's attorney, Charles Kaiser. In particular, Ms. Raught states in her affidavit:

> I attended the arbitration hearing in my capacity as [p]laintiff's representative. I did not testify. I assisted Mr. Kaiser during the hearing by, among other things, taking notes of witness testimony at his request. Witnesses testified under oath, and were subject to direct and cross-examination.
>
> I gave my notes to Mr. Kaiser after the evidentiary portion of the hearing ended. The parties and the arbitrator agreed that written closing arguments would be submitted at a future date. . . .
>
> I also took my notes, in part, because I knew that litigation might result after the completion of the arbitration hearing. This was the second central purpose of taking the notes, as the District had an extremely contentious relationship with its employees in general, and [p]laintiff in particular, at the time of the arbitration hearing. Thus, I realized that the District might reject a favorable arbitration decision and it would become necessary to file an action in Court.

Raught Aff. [Doc. # 38-2] at ¶¶10-12.

The Raught Aff. establishes that the notes were taken for use in both the underlying arbitration and, potentially, in a subsequent court action if District 60 rejected an arbitration ruling favorable to Ms. Vigil. The Tenth Circuit Court of Appeals has recognized that materials subject to the work product immunity in a prior action retain that immunity in subsequent litigation. In particular, the circuit court ruled in <u>Frontier Refining</u>:

> The Supreme Court has recognized in dicta that "the literal language of [Rule 26(b)(3)] protects materials prepared for *any* litigation or trial as long as they were prepared by or for a party to the subsequent litigation." <u>FTC v. Grolier Inc.</u>, 462 U.S. 19 (1983). According to the Supreme Court's dicta, Rule 26's language does not indicate that the work product protection is confined to materials specifically prepared for the litigation in which it is sought. Work product remains protected even after the

> termination of the litigation for which it was prepared. . . .
>
> In addition to the compelling Supreme Court dicta, it appears every circuit to address the issue has concluded that, at least to some degree, the work product doctrine does extend to subsequent litigation. . . .
>
> Based on the compelling dicta in Grolier and the reasoning set out in the circuit court opinions cited above, we conclude that the work product doctrine extends to subsequent litigation. This court need not, however, determine whether the subsequent litigation must be closely related because this indemnity action is unquestionably "closely related" to the underlying suit between Frontier and the injured contractors.

136 F.3d at 703-04. Similarly here, this action is unquestionably closely related to the underlying arbitration.

In addition, the work product immunity applies to arbitration proceedings as well as to litigation pending in a court. Under facts substantially similar to those presented here, the court in Jumper v. Yellow Corp., 176 F.R.D. 282, 286 (N.D. Ill. 1997), held that "[c]ourts have found that the work product doctrine applies to documents prepared by or for a party in connection with arbitrations because arbitrations are adversarial in nature and can be fairly characterized as litigation." The court also held that materials protected by the work product immunity in the underlying arbitration were entitled to protection in a subsequent court case in view of the "close time proximity between the two adversarial proceedings as well as the connected factual relationship between the proceedings. . . ." Id. Finally, the court held that "any documents created . . . in anticipation of the arbitration hearing here should retain their work product protections in this federal litigation." Id.

It is not disputed that Ms. Raught was an agent of Ms. Vigil at the arbitration and that she took notes during the arbitration at the request of Ms. Vigil's attorney. I find, therefore, that the

notes were made by or for Ms. Vigil's representative.  Contrary to District 60's argument, there is no requirement that Ms. Raught be compensated for taking the notes.

Finally, District 60 has failed to show that it is unable without undue hardship to obtain the substantial equivalent of the materials by other means.  See Fed. R. Civ. P. 26(b)(3).  To the contrary, District 60 was present at the arbitration and represented by counsel, Gus Achey. Raught Aff. [Doc. # 38-2] at ¶9.  His notes are available to District 60, and there is no indication that they are not the "substantial equivalent" of any notes prepared by Ms. Raught.

In summary, the notes taken by Ms. Raught during the arbitration hearing at the request of Mr. Kaiser were prepared in anticipation of litigation and/or for trial by or for Ms. Vigil's attorney and are entitled to work product protection.  District 60 has failed to show a substantial need for the materials or that it cannot obtain the substantial equivalent without undue hardship.

IT IS ORDERED that the Motion to Compel [Doc. # 33] is DENIED.

Dated April 16, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge